1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**
9       **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  KENNETH LEWIS,                          Civil        10-0804 IEG (PCL)
                                            No.
12                          Petitioner,
                                            **ORDER DISMISSING CASE**
13          v.                              **WITHOUT PREJUDICE**
14  TERRI GONZALES, Warden
15                          Respondent.
16

17          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas
18  Corpus pursuant to 28 U.S.C. § 2254.

19              **FAILURE TO SATISFY FILING FEE REQUIREMENT**

20          Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma
21  pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee
22  or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.
23  See Rule 3(a), 28 U.S.C. foll. § 2254.

24              **FAILURE TO NAME PROPER RESPONDENT**

25          Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On
26  federal habeas, a state prisoner must name the state officer having custody of him as the
27  respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28
28  U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to

                                        -1-

1  name a proper respondent.  See id.

2        The warden is the typical respondent.  However, "the rules following section 2254 do not

3  specify the warden."  Id.  "[T]he 'state officer having custody' may be 'either the warden of the

4  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

5  institutions.'"  Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

6  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

7  be the state officer who has official custody of the petitioner (for example, the warden of the

8  prison).'"  Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

9        A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

10  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

11  actual person who is [the] custodian [of the petitioner] must be the respondent."  Ashley v.

12  Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

13  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

14  body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

15  of Corrections for California have the power to produce the prisoner."  Ortiz-Sandoval, 81 F.3d

16  at 895.

17        Here, Petitioner has incorrectly named "Terri Gonzales," as Respondent.  In order for this

18  Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of

19  the state correctional facility in which Petitioner is presently confined or the Director of the

20  California Department of Corrections.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

21  1992) (per curiam).

22        **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

23        Further, habeas petitioners who wish to challenge either their state court conviction or the

24  length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

25  § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

26  remedies, a California state prisoner must present the California Supreme Court with a fair

27  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28

28  U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so specify.  "The burden of proving that a claim has been exhausted lies with the petitioner." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

<u>**VENUE**</u>

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at California Men's Colony, located in San Luis Obispo County, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division.  *See* 28 U.S.C. § 84(c)(2).  Petitioner does not specify where his state court conviction or board of parole hearing occurred. Thus, it is currently unclear whether this Court has jurisdiction in this matter.  Petitioner must tell the Court where he suffered the conviction which he seeks to challenge in this matter.

//

//

//

//

//

1

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

2      Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner

3  has failed to allege that his state court conviction or sentence violates the Constitution of the

4  United States.

5      Title 28, United States Code, § 2254(a), sets forth the following scope of review for

6  federal habeas corpus claims:

7          The Supreme Court, a Justice thereof, a circuit judge, or a district
           court shall entertain an application for a writ of habeas corpus in
8          behalf of a person in custody pursuant to the judgment of a State
           court only on the ground that he is in custody in <u>violation of the</u>
9          <u>Constitution or laws or treaties of the United States.</u>

10  28 U.S.C. § 2254(a) (emphasis added).  <u>See Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir.

11  1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800

12  F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

13  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

14  a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

15  United States."  <u>See</u> 28 U.S.C. § 2254(a).

16      Here, Petitioner claims that  "a plea bargain in the courts with as a juvenile delinquent,

17  yet trial as adult in this matter" and that he has met the "requirement of the board of prison terms

18  in this case."  (Pet. at 3-4.)  In no way does Petitioner claim he is "in custody in violation of the

19  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

20

## **FAILURE TO USE PROPER FORM**

21      Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with

22  the Local Rules of the United States District Court for the Southern District of California.  <u>See</u>

23  Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

24  submitted upon a court-approved form and in accordance with the instructions approved by the

25  Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

26  approved form.

27  //

28  //

## CONCLUSION AND ORDER

In light of the above, the Court **DISMISSES** the case without prejudice for Petitioner's failure to (1) satisfy the filing fee requirement, (2) name a proper respondent, (3) allege exhaustion of state judicial remedies, (4) demonstrate that venue is proper in this jurisdiction (5) state a cognizable federal claim, and (6) use the proper form.  If Petitioner wishes to proceed with this case, he must submit, **no later than June 29, 2010,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee, AND a First Amended Petition which cures the pleading deficiencies noted above.  ***The Clerk of Court is directed to send a blank Southern District of California In Forma Pauperis Application and a First Amended Petition form to Petitioner along with a copy of this Order.***

**IT IS SO ORDERED.**

**DATED:  April 27, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**